## JAMES F. IRVINE, ETC., *v.* J. E. VANSANT, ETC.

**Municipal Corporations—Certifying to Contents of Journals of Common Council.**

The clerk of the board of aldermen not being shown to be the keeper of the journals of the board of common council, has no authority to certify as to what appears in those journals.

**Municipal Corporations—Improvements—Encroaching on Private Property.**

Where a contractor, in making a street improvement, encroaches on the private property of an abutting owner, the contractor can not recover against the owner of such property for the costs of the improvement.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

### April 4, 1873.

OPINION BY JUDGE LINDSAY:

This case differs from the cases of the *City of Louisville v. Goodwin,* etc., *Scott v. Croffot,* and *Thompson,* etc., *v. McClish,* in this:

The ordinances under and by virtue of which the work was done were passed in 1870, instead of 1869. The testimony in those three cases, which was by consent considered on the trial of this, does not impeach the journal of the board of common council kept in and after the month of July, 1870.

Appellants, however, deny in specific terms that the ordinance and proceedings set up by appellee were even passed, or had. The only evidence conducing to sustain the material allegations of the petition in this regard, is the copies of such ordinances and proceedings filed as exhibits. These papers are attached by the clerk of the board of aldermen. This officer no doubt has the legal authority to certify copies taken from the records in his office. It does not appear, however, and we can not presume that he is the keeper of the journals of the board of common council, nor that he has authority to certify as to what appears in these journals.

The exhibits so far as they purport to be copies of the journal of proceedings had in the common council should not have been considered. Without them it is clear that appellee did not make out his case.

The damages claimed by reason of the alleged location of the improvement on portions of appellants' lots can not, as against this appellee, be pleaded as a counterclaim, and if it is desired to hold the city responsible therefor, appellants should resort to an action at law for the trespass. But as appellees' right to recover for the cost of the improvements depends upon whether he did or not improve High street in accordance with the ordinances providing for its improvement, it is proper that the court should inquire whether or not the city engineers and the contractors have encroached on the property of appellants.

Neither the city nor the contractors have the right to convert private property into streets until it has been legally appropriated to such purposes, and if in this case any portion of the improvement is on appellants' property, no recovery can be had against them.

Upon the return of the cause it will be proper to have a survey made by an engineer agreed upon by the parties, or selected by the chancellor, in order that this question may be settled. Either party should be allowed to take further testimony in case they desire to do so.

Judgment reversed and cause remanded for further proceedings consistent herewith.

*Thompson & Booth, for appellants.*

*Burnett, for appellees.*